Muirhead et al *v.* Muirhead et al.

---

P. C. MUIRHEAD et al. *vs.* CATHARINE MUIRHEAD et al.

Under the statute, (Hutch. Code, 622, art. 2, § 4,) where the widow is the executrix or administratrix of her deceased husband, if she obtain a judgment or decree for dower without giving notice of the filing of her petition by an

advertisement in one of the newspapers published in this State, nearest to her residence, such judgment or decree is not binding.

To a petition for distribution, filed in the probate court by persons claiming to be the sole distributees of the estate of a decedent, against the administrator, another party as the pretended widow of the decedent, and her children (by the decedent) whose legitimacy was called in question, the party claiming to be the widow pleaded that, as the widow of the decedent, she had obtained a decree for her dower in his lands, &c.  The petitioners replied, that she was the administratrix of the decedent when she filed her petition for dower, and that she did not give notice of the filing of her petition, as required by the statute.  *Held*, that the replication was good, and that it was error to strike it out on motion.

The grant of letters of administration cannot be conclusive of the question of marriage.  Such grants are usually *ex parte*, and at most amount to *primâ facie* evidence of right.

In error from the probate court of Choctaw county.

The facts of the case are sufficiently stated in the opinion of the court.

*Brooke*, for appellant.

*Duffield*, for appellee.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a petition filed in the probate court of Choctaw, by the appellants as sole distributees of Charles Muirhead, deceased, praying distribution of his estate.  It is filed against James Hill, as the administrator, against Catharine Muirhead, as the pretended widow of the deceased, and against her children by the deceased, whose legitimacy is called in question.

To this petition the defendant, Catharine, filed an answer, in which she avers, "That at a previous term of the court, a decree was legally had and entered up in due form of law, allotting to her as the widow of said Charles her dower in the estate of said Charles, which decree now remains in full force, and not vacated, and that by virtue of said decree she has received an allotment of one third of the real estate of said Charles, for her natural life, and is entitled to receive one thirteenth part of the personalty which has also been decreed to

her; and she pleads said decree in bar of all further proceedings against her." To this plea a replication was filed by the petitioners, alleging "That said Catharine and one James Peeples were administratrix and administrator of the estate of said Charles Muirhead, at the time of said decree, and that said Catharine did not give due and proper notice according to the statute by publication in one of the newpapers of this State nearest her residence; that they had no notice of said proceeding, and that said decree is null and void for want of compliance with the statutes of the State." This replication was afterwards, upon motion of the counsel of defendant, Catharine, stricken from the papers in the cause; and after exceptions filed to this proceeding, a general demurrer was filed to her plea by the petitioners.

The other defendants, the children of said Catharine, amongst other matters, filed a plea by their guardian, in which they allege, " That at a former term of said court, by petition duly made, and legal notice previously given, their said mother received, by the order and judgment of said court, an allotment of dower in the estate of said deceased, and that by virtue of said judgment the legality of the marriage of the said Catharine and the said decedent was fully and completely determined." To this and other pleas of these defendants a general demurrer was filed by the petitioners. The administrator first filed a demurrer to the petition, which was afterwards withdrawn, and no answer or other plea was subsequently filed by him.

It was clearly erroneous in the probate court, to strike out the replication to the plea of the defendant, Catharine. The statute provides, that where the widow is executrix or administratrix, she shall give notice of her application by advertisement in the newspaper, published nearest her residence. Hutch. Code, 662. Without such notice as the law requires, the judgment or decree is not binding. The replication puts this fact distinctly in issue, and it was not allowable to strike it out. This is the rule even where the pleading is defective in form. *Smith* v. *The Comm. Bank of Rodney*, 6 S. & M. 88.

The grant of letters of administration cannot be conclusive

of the question of marriage. Such grants are usually *ex parte*, and at most amount to *primâ facie* evidence of right. 3 Hump. 142; Chilton, Pro. Ct. Law, 236.

The decree will be reversed, and the cause remanded for farther proceedings, so as to bring the merits of the case fairly to a hearing.

Decree reversed.